IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL LEE PAGANS,           )
                                     )
      Plaintiff,           )    Civil Action No. 7:19CV00505
                                     )
v.                           )    **MEMORANDUM OPINION**
                                   )
ANDREW SAUL,               )    By: Hon. Glen E. Conrad
Commissioner of Social Security,     )    Senior United States District Judge
                                   )
      Defendant.        )

Plaintiff Michael Lee Pagans has filed this action challenging the final decision of the Commissioner of Social Security denying his claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1381(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Richardson v. Perales, 402 U.S. 389, 401 (1971).

The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On May 1, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final

decision.   Plaintiff has filed objections to the magistrate judge's report, and the Commissioner has responded, making the matter ripe for the court's consideration.

The plaintiff was born in 1974, and eventually completed the ninth grade in school.   R. 19, 224–25.   He ceased working at age 25, and the Law Judge concluded that Pagans has no past relevant work for purposes of his application for benefits.   R. 18–19; see also id. at 215.   On November 30, 2015, Pagans filed his application for supplemental security income benefits.   R. 198–207.   In filing his current claim, Pagans alleged that he became disabled for all forms of substantial gainful employment on August 1, 2013, due to a heart attack, status post heart attack, status post aneurysm, pain in neck radiating down in low back and legs, numbness and pain in legs, right hip pain, osteoarthritis, fatigue, and bilateral hands, shoulder, and knee pain.   R. 224. Pagans now maintains that he has remained disabled to the present time.

Pagans' application was denied upon initial consideration and reconsideration.   He then requested and received a de novo hearing and review before a Law Judge.   The Law Judge convened a hearing on June 13, 2018, at which Pagans testified.   The Law Judge also heard testimony from an independent vocational expert, Robert Jackson.   The Law Judge asked Jackson to consider the following hypothetical questions:

> I'm going to say we don't have any past work, so if you consider a hypothetical individual Claimant's age, limited education, and no past work, and if we start by looking at that individual for light work[, and] within light work most of the postural activities are occasional.   That's climbing, stooping, kneeling, crouching, crawling.   No more than occasional overhead reaching, occasional exposure to extreme heat or cold, and occasional exposure to hazards, such as hazardous machinery, unprotected heights.   If we start with that hypothetical would there be light or sedentary work you think might be appropriate?

R. 56.   In response, Jackson opined that positions in the national economy such as marker, packer, or assembler could be appropriate.   R. 56–58.

In an opinion dated July 18, 2018, the Law Judge determined, after applying the five-step sequential evaluation process, that Pagans is not entitled to benefits under Title XVI.  See 20 C.F.R. § 416.920(a)(4) (describing the five-step process).  The Law Judge found that Pagans suffers from the severe impairments of degenerative disc disease, history of coronary artery disease and femoral artery aneurysm, diabetes, and possible Lyme disease with arthritis.  R. 12.  However, the Law Judge determined that the plaintiff's impairments, considered individually or in combination, have not met or medically equaled the requirements of a listed impairment.  R. 13–14.  The Law Judge assessed Pagans' residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 CFR [§] 416.967(b)[1] except that the claimant is able to occasionally climb, stoop, kneel, crouch, crawl, and perform overhead reaching; and tolerate occasional exposure to temperature extremes and hazards.

R. 14.  Given the RFC assessed, and after considering testimony from the vocational expert, the Law Judge determined that Pagans is able to perform jobs that exist in significant numbers in the national economy, including the jobs of marker, packer, and assembler.  R. 19–20.  Accordingly, the Law Judge concluded that Pagans is not disabled and therefore not entitled to benefits under Title XVI.  See generally 20 C.F.R. § 416.920(g).  The Law Judge's opinion was adopted as the

---

[1]      "Light work" is defined in the regulations as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b).

final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Pagans has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether he is disabled for all forms of substantial gainful employment.   See 42 U.S.C. § 1382c(a).   There are four elements of proof which must be considered in making such an analysis.   These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of physicians and other medical sources; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age.   Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition.   In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claim for supplemental security income benefits.   Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's finding that Pagans has retained the RFC to perform certain light work roles since his application date and is therefore not disabled under Title XVI of the Social Security Act.

In his objections to the report and recommendation, plaintiff first argues that the Law Judge failed to adequately explain the weight that he assigned to the opinions of the state agency consultants when determining Pagans' RFC, that the Law Judge "cherry-picked" the evidence, and that he did not build a logical bridge between the evidence and the RFC finding.   Second, Pagans argues that substantial evidence does not support the Law Judge's assessment of Pagans'

subjective allegations. After reviewing the record and considering the arguments presented on appeal, the court finds that these objections must be overruled.

As indicated above, the Law Judge determined that Pagans retains the RFC to perform light work, except that he is able to occasionally climb, stoop, kneel, crouch, crawl, and perform overhead reaching; and tolerate occasional exposure to extremes and hazards. R. 14. In doing so, the Law Judge indicated that he had "give[n] weight to the opinion of the State Agency consultants." R. 18. On January 28, 2016, Dr. James Darden, and on March 31, 2016, Dr. Wyatt S. Beazley, III, retained at the behest of the state agency, both opined that Pagans was not disabled and that he remained capable of performing light work. R. 73–77, 79–87. The Law Judge found that their opinions "are supported by the objective record of evidence as a whole." R. 18.

In contrast, the Law Judge concluded that Pagans' statements regarding the "intensity, persistence, and limiting effects" of his alleged medical conditions were not "entirely consistent with the medical evidence and other evidence in the record." R. 17. In support of that conclusion, the Law Judge found that Pagans has not received the medical treatment expected for a totally disabled person, noted that there were no objective findings to support Pagans' allegations as to the severity of his symptoms, and recounted Pagans' "varied daily activities." R. 17–18. Among other things, the Law Judge found that the medical records "indicate a conservative treatment history due to diabetes mellitus"; and that physicians had advised "ongoing non-operative treatment" such as medications and therapy for Pagans' spine and nerve issues, which led to "improvement in symptoms." The Law Judge also noted more recent "conservative" treatments with no "acute findings or abnormalities" in 2017, and that "no significant abnormalities" were found in a March 2018 cardiac assessment. R. 13–17; see also R. 332 (recommending "non-operative treatments for [Pagans'] lower back pain with therapy and OTC

medications"); R. 360–63 (noting a "full range of motion, gait steady but slow").   Moreover, none of Pagans' treating physicians offered opinions regarding his functional limitations or suggested that he is unable to work.

The record also indicates that Pagans is able take part in some regular daily activities around his household.   For example, in a January 2016 Function Report, Pagans reported that he helped care for his son and clean the bathroom.   R. 235–36.   Treatment reports indicate that Pagans occasionally works on cars and uses tools such as a pressure washer and a chainsaw.   R. 376–80, 445–47, 450.   Other reports note that Pagans "ambulated without difficulty," R. 319, and had a "steady" gait, R. 317, 350 & 364; see also R. 459–60 (describing a "normal range of motion" and that a CT scan "showed no acute fracture or dislocation" in the neck).   In his testimony, Pagans described numbness in his left hand, but indicated that it did not "really bother [him] on the right side as bad as it does [on] the left side."   R. 51–52.   He also described back, neck, and leg pain, as well as some difficulty sitting and standing.   R. 47–54.   Yet he also testified about taking hour to hour-and-a-half long trips to the store, during which he either walks around or uses a mobility scooter, R. 55, and mentioned performing some light car repair.   R. 45.

Upon review of the record, the court first concludes that it must overrule the plaintiff's objections regarding the Law Judge's RFC finding.   First, under the applicable regulations, the Law Judge must evaluate every medical opinion he receives, and consider a number of factors to determine the weight to accord each opinion, including whether the source of the opinion has examined the claimant.   See 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").   However, like the magistrate judge, the court concludes that the Law Judge's failure to assign a specific weight to the opinions of the state agency consultants does

6

not mandate a remand because there were no countervailing opinions, which reached different conclusions, that the Law Judge needed to distinguish.[2]  See Vandermark v. Colvin, No. 3:13-CV-1467, 2015 WL 1097391, at *7 (N.D.N.Y. Mar. 11, 2015) ("[F]ailure to express a specific quantum of weight afforded to Dr. Graham's forensic opinions does not constitute a reversible error.  That might be important in some cases.  But here, where there were no other forensic opinions against which to compare Dr. Graham's opinions, a specific-weight finding would have been superfluous.").  Further, the Law Judge provided other, sufficient indications of the weight he ascribed to the state agency opinions, such as by noting that they were consistent with the medical record and adopting their findings as to Pagans' RFC.

Nor does the court find that the Law Judge ignored objective evidence as to the severity of Pagans' impairments.  See R. 13–17.  Rather, the Law Judge noted and the medical record reflects that Pagans has experienced serious medical impairments, including a heart attack, "degenerative changes" to the spine, and diabetes complications.  R. 14–17, 361, 401–402 (describing "mild" and "moderate" findings after a spinal and cervical MRI).  Despite those findings, the record contains substantial evidence to support the Law Judge's finding that Pagans' asserted impairments have responded to treatment or are of such intensity that they do not rise to the level of a disability.  For example, one medical report noted an "improved pain level with postural correction."  R. 382; see also R. 449 ("He reported decreased pain with standing lumbar extension . . . .").  Another report relayed that the plaintiff "found Tramadol helpful in the past."  R. 388, 417.  Pagans was also seen in an emergency room after a car accident on April 4, 2017.

---

[2]     Pagans argues that Brown v. Commissioner of Social Security, 873 F.3d 251 (4th Cir. 2017) requires remand because the Law Judge did not "assign specific weight" to the opinions of the state agency consultants.  ECF No. 18 at 1–2.  The court believes that Brown is distinguishable because the claimant in that case submitted opinion evidence from treating and examining sources, which the Law Judge in that case discounted—without adequate explanation—in favor of state agency consultants' opinions.  Id. at 261–62, 265–69.  Here, Pagans submitted no opinions from treating or other examining sources.

While he mentioned having neck pain, records note that he had a normal range of motion and intact strength in his extremities, and a CT scan showed no acute findings. R. 458–60. Pagans also received treatment for certain abscesses on June 18, 2017, December 23, 2017, and April 11, 2018. R. 559; R. 479–84; R. 695–98. He complained of back pain during one of these visits, but only received treatment related to his abscess. R. 479. The record evidence of Pagans' regular activities also supports the Law Judge's determination. Thus, the court is of the opinion that the Law Judge adequately assessed the evidence and built a sufficient logical bridge between the evidence and his RFC determination.

Second, upon review of the record, the court is unable to discern any error in the Law Judge's assessment of the plaintiff's subjective allegations. The court agrees with the magistrate judge that the Law Judge's assessment of Pagans' statements is supported by substantial evidence. To begin, the Law Judge provided specific reasons for his decision to not fully credit the plaintiff's statements regarding the severity of his symptoms, reasons which are supported by the record. For instance, while finding that the record reflected that Pagans suffered pain-causing conditions, the Law Judge noted that Pagans took part in "rigorous" physical activities, that he engaged in "excessive walking," that he responded to physical therapy, and that radiological and physical examinations did not reveal acute issues. R. 13, 15, 16; see also, e.g., R. 452–54 (describing progress in physical therapy and progress towards goals). The Law Judge also discussed the lack of medical evidence to support the alleged severity of Pagan's claimed arthritis issues, and found, for example, that chest x-rays showed no evidence to support acute cardiac issues or abnormalities. R. 14, 16; see also, e.g., R. 518 (noting that EKG revealed a normal sinus rhythm and was "otherwise unremarkable," and that chest x-rays "showed no significant or acute cardio pulmonary process"). Thus, the court is satisfied that substantial evidence supports the Law Judge's decision

8

not to fully credit Pagans' allegations regarding his symptoms, and that the Law Judge built a logical bridge between the evidence that he cited and his conclusion that Pagans' allegations are not fully supported by the record.[3]   See, e.g., Sharp v. Colvin, 660 F. App'x 251, 259 (4th Cir. 2016) (affirming the Law Judge's determination that the plaintiff's medical treatment, which included injections, pain medication, and physical therapy, "was conservative, and that her course of treatment supported a conclusion that she was able to maintain a routine work schedule"); Stitely v. Colvin, 621 F. App'x 148, 150–151 (4th Cir. 2015) (emphasizing that the Law Judge "properly noted that Stitely's impairments were treated with limited, conservative treatment that improved some of Stitely's conditions").   Accordingly, the court must overrule the plaintiff's final objections.

In sum, after a de novo review of the record and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence.   Accordingly, the plaintiff's objections to the magistrate judge's report are overruled, the magistrate judge's recommendation will be adopted, and the final decision of the Commissioner will be affirmed.

The Clerk is directed to send copies of this memorandum opinion to all counsel of record.

DATED: This ___11h___ day of August, 2020.

_____
Senior United States District Judge

---

[3]       This case is again distinguishable from Brown, 873 F.3d 251, for much the same reasons that the magistrate judge indicated.   In this case, unlike Brown, the Law Judge did not rely on his own perceptions of Pagans to discount his self-assessment and noted more rigorous activity than was on the record in that case.   Id. at 265, 271.   Further, the Law Judge in this case noted that many of Pagans' "varied" activities were carried out "daily" and noted that Pagans had engaged in activities like working on a car, which take some time to accomplish.   R. 16, 17–18.   The Law Judge also noted that the records of a June 2017 treatment indicate that Pagans went outside to take a smoke break several times.   R. 16, 510.   In Brown, the United States Court of Appeals for the Fourth Circuit concluded that the Law Judge's adverse credibility determination contained "inaccuracy and unreasonableness."   873 F.3d at 270–71.   The court does not find that to be the case here.